# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RONALD O. BATTLE,

      Plaintiff,

  v.                                   Case No. 25-cv-12358

MASS TRANSPORTATION AUTHORITY,       Hon. Judith E. Levy
                                       Mag. Judge David R. Grand

      Defendant.

| | |
|---|---|
| KELLY A. MAGNUSON (BAR ID 3816185) PHILIP MAZZOTTI (Bar ID 5785034) Harding Mazzotti, LLP Attorneys for Plaintiff 2000 Town Center Suite 1900 Southfield, MI 48074 (518) 556-3402 Kelly.magnuson@1800law1010.com Philip.mazzotti@1800law1010.com | COURTNEY L. NICHOLS (P75160) Plunkett Cooney Attorneys for Defendant 38505 Woodward Ave., Suite 100 Bloomfield Hills, MI 48304 (248) 594-6360 cnichols@plunkettcooney.com |

## ANSWER TO COMPLAINT

NOW COMES Defendant, Mass Transportation Authority, by and through its attorneys, Plunkett Cooney, and in answer to Plaintiff's Complaint states as follows:

### PRELIMINARY STATEMENT

1.    In answer to paragraph 1, Defendant states that this is a legal conclusion and does not require a response. To the extent that a legal response is

1

61359682.1

required, Defendant admits that Plaintiff has raised allegations under the claims as alleged but deny the allegations contained therein.

2. In answer to paragraph 2, Defendant denies the allegations contained therein for the reason that same are untrue.

3. In answer to paragraph 3, Defendant denies the allegations contained therein for the reason that same are untrue.

4. In answer to paragraph 4, Defendant admits that Plaintiff has raised allegations under the claims as alleged but denies the allegations contained therein or that Plaintiff is entitled to damages for the reason his allegations of discrimination are untrue.

## ADMINISTRATIVE REQUIREMENTS

5. In answer to paragraph 5, Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, but denies the allegations contained within his charge as untrue.

6. In answer to paragraph 6, Defendant admits that Plaintiff simultaneously cross-filed his charge of discrimination with the Michigan Department of Civil Rights, but denies the allegations contained within his charge as untrue.

61359682.1

7.     In answer to paragraph 7, Defendant admits that the EEOC charge was filed with the Detroit Field Office of the EEOC and was assigned to Investigator Kassidy Smith, but denies the allegations contained within the charge as untrue.

8.     In answer to paragraph 8, Defendant admits that Plaintiff filed a second charge of discrimination with the EEOC alleging retaliation for his prior charge of discrimination, but denies the allegations contained within his charge as untrue.

9.     In answer to paragraph 9, Defendant admits the allegations contained therein.

10.     In answer to paragraph 10, Defendant admits the allegations contained therein.

11.     In answer to paragraph 11, Defendant admits the allegations contained therein.

12.     In answer to paragraph 12, Defendant states that this paragraph calls for a legal conclusion that does not require a response. Defendant admits that Plaintiff complied with the EEOC administration and exhaustion requirement prior to filing this lawsuit.

## THE PARTIES

3

61359682.1

13.    In answer to paragraph 13, Defendant neither admits nor denies the allegation contained therein for lack of information, and leaves Plaintiff to his strict proofs.

14.    In answer to paragraph 14, Defendant admits that Plaintiff was employed by defendant as a City Fixed Route Transit Operator (bus driver) from September 13, 2021, until his termination on October 25, 2024, and that Plaintiff was initially hired as a part-time employee and was promoted to "TEMP FT" status on January 9, 2023. Defendant denies that Plaintiff's termination was unlawful for the reason that claim is untrue.

15.    In answer to paragraph 15, Defendant admits the allegations contained therein.

16.    In answer to paragraph 16, Defendant states that this paragraph contains a legal conclusion but admits that it was an "employer" as defined by the Americans with Disabilities Act and the Elliott-Larsen Civil Rights Act

## STATEMENT OF FACTS

### Plaintiff's Disabilities and Medical Conditions

17.    In answer to paragraph 17, Defendant neither admits nor denies the allegation contained therein for lack of information, and leaves Plaintiff to his strict proofs.

4

61359682.1

18.     In answer to paragraph 18, Defendant neither admits nor denies the allegations contained therein for lack of information, and leaves Plaintiff to his strict proofs.

19.     In answer to paragraph 19, Defendant neither admits nor denies the allegations contained therein for lack of information, and leaves Plaintiff to his strict proofs.

20.     In answer to paragraph 20, Defendant neither admits nor denies the allegations contained therein for lack of information, and leaves Plaintiff to his strict proofs.

21.     In answer to paragraph 21, Defendant neither admits nor denies the allegations contained therein for lack of information, and leaves Plaintiff to his strict proofs.

22.     In answer to paragraph 22, Defendant neither admits nor denies the allegations contained therein for lack of information, and leaves Plaintiff to his strict proofs.

23.     In answer to paragraph 23, Defendant neither admits nor denies the allegations contained therein for lack of information, and leaves Plaintiff to his strict proofs.

24.     In answer to paragraph 24, Defendant admits that Plaintiff was approved for intermittent leave under the FMLA for a specific period of time,

however Defendant denies any other allegations insofar as they allege any unlawful behavior of Defendant.

### Plaintiff's Employment History

25. In answer to paragraph 25, Defendant admits the allegations contained therein.

26. In answer to paragraph 26, Defendant admits the allegations contained therein.

27. In answer to paragraph 27, Defendant admits the allegations contained therein.

28. In answer to paragraph 28, Defendant admits that for a period of time, Plaintiff successfully performed his duties as a bus driver without any accommodation but denies any discriminatory actions on the part of Defendant.

29. In answer to paragraph 29, Defendant denies the allegations contained therein for the reason the same are untrue.

30. In answer to paragraph 30, Defendant admits the allegations contained therein.

### The June 2023 Discrimination Incident

31. In answer to paragraph 31, Defendant admits the allegations contained therein.

6

61359682.1

32.    In answer to paragraph 32, Defendant denies the allegations that it was aware that Mr. Battle "could not drive" a regional bus and/or that Mr. Battle was hired for a "city route" for the reason those claims are untrue.  Defendant also denies that it assigned Mr. Battle any job inconsistent with any legal rule or regulation or that Mr. Battle requested any specific accommodation at any time related to a "compact bus", as inferred, for the reason those claims are untrue.

33.    In answer to paragraph 33, Defendant admits the allegations contained therein

34.    In answer to paragraph 34, Defendant denies the allegations contained therein for the reason that same are untrue.

35.    In answer to paragraph 35, Defendant denies the allegations contained therein for the reason that same are untrue.

36.    In answer to paragraph 36, Defendant denies the allegations contained therein in the manner and form alleged.  Defendant admits that Mr. Battle was offered a janitorial position but deny that he was presented with any "ultimatums" for the reason such inference is untrue and omits critical context regarding the janitorial position offer.

37.    In answer to paragraph 37, Defendant states that this paragraph contains legal conclusions that do not warrant a response.  This paragraph also infers that Plaintiff requested a reasonable accommodation and/or provided

7

Defendant notice of an alleged disability, which are untrue and unfounded inferences. Accordingly, Defendant denies the allegations contained therein.

38.     In answer to paragraph 38, Defendant denies the allegations contained therein for the reason that same are untrue.

### **Forced Demotion to Janitorial Position**

39.     In answer to paragraph 39, Defendant neither admits nor denies the allegation contained therein for lack of information, and leaves Plaintiff to his strict proofs.

40.     In answer to paragraph 40, Defendant admits that Plaintiff was offered a janitorial position, which Plaintiff accepted, and denies that the position was as "significant demotion" as alleged for the reason that claim is untrue.

41.     In answer to paragraph 41, Defendant admits that Plaintiff's janitorial position received lower pay than his position as a driver but denies any allegation that this was a demotion.

42.     In answer to paragraph 42, Defendant neither admits nor denies the allegation contained therein for lack of information, and leaves Plaintiff to his strict proofs.

43.     In answer to paragraph 43, Defendant neither admits nor denies the allegation contained therein for lack of information, and leaves Plaintiff to his strict proofs.

61359682.1

## Work-Related Injury and Failure to Accommodate

44.     In answer to paragraph 44, Defendant admits that Plaintiff reported that he suffered an injury on or about August 11, 2023, but neither admits nor denies the allegation that it was directly related to his work activities, and leaves Plaintiff to his strict proofs.

45.     In answer to paragraph 45, Defendant admits the allegations contained therein.

46.     In answer to paragraph 46, Defendant admits the allegations contained therein.

47.     In answer to paragraph 47, Defendant denies the allegations contained therein for the reason that same are untrue.

48.     In answer to paragraph 48, Defendant denies the allegations contained therein for the reason that same are untrue.

49.     In answer to paragraph 49, Defendant denies the allegations contained therein for the reason that same are untrue.

## Extended Unpaid Leave and Financial Hardship

50.     In answer to paragraph 50, Defendant admits that from August 11, 2023, through January 3, 2024, Plaintiff received no income from Defendant but neither admits nor denies that Plaintiff was unable to work, and leaves Plaintiff to his strict proofs.

61359682.1

51. In answer to paragraph 51, Defendant denies the allegations contained therein for the reason that same are untrue.

52. In answer to paragraph 52, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to his strict proofs.

53. In answer to paragraph 53, Defendant denies the allegations contained therein for the reason that same are untrue.

## Return to Work in Reduced Capacity

54. In answer to paragraph 54, Defendant admits the allegations contained therein.

55. In answer to paragraph 55, Defendant admits that Plaintiff's wages while working as a substitute driver were less than his original bus driver wage but denies any implication that this was improper or unlawful.

56. In answer to paragraph 56, Defendant admits that the substitute driver position provides fewer guaranteed hours and benefits compared to a full-time driver position but denies any implication that this was improper or unlawful.

57. In answer to paragraph 57, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to his strict proofs.

61359682.1

## The August 2024 Incident and Retaliation

58.     In answer to paragraph 58, Defendant admits that Plaintiff filed a charge with the EEOC and cross-filed with the MDCR on April 23, 2024, but denies any wrongdoing as alleged in these charges.

59.     In answer to paragraph 59, Defendant admits the allegations contained therein.

60.     In answer to paragraph 60, Defendant admits the allegations contained therein.

61.     In answer to paragraph 61, Defendant admits the allegations contained therein.

62.     In answer to paragraph 62, Defendant admits the allegations contained therein.

63.     In answer to paragraph 63, Defendant denies the allegations contained therein for the reason that same are untrue.

## Pattern of Delay and Obstruction

64.     In answer to paragraph 64, Defendant denies the allegations contained therein for the reason that same are untrue.

65.     In answer to paragraph 65, Defendant admits the allegations contained therein.

11

66.     In answer to paragraph 66, Defendant admits the allegations contained therein.

67.     In answer to paragraph 67, Defendant admits the allegations contained therein.

68.     In answer to paragraph 68, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to his strict proofs.

### Disparate Treatment

69.     In answer to paragraph 69, Defendant admits that some drivers who have been involved in accidents have returned to work but denies any implication that this was improper or unlawful.

70.     In answer to paragraph 70, Defendant denies the allegations contained therein for the reason that same are untrue.

71.     In answer to paragraph 71, Defendant denies the allegations contained therein for the reason that same are untrue.

### Termination

72.     In answer to paragraph 72, Defendant admits the allegation contained therein.

73.     In answer to paragraph 73, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to his strict proofs.

61359682.1

74. In answer to paragraph 74, Defendant denies the allegations contained therein for the reason that same are untrue.

75. In answer to paragraph 75, Defendant admits that Union President Darryl Huff failed to appear at Plaintiff's termination meeting but denies any implication of wrongdoing or improper behavior of Defendant implied by this, as Defendant does not have control over the union activities.

76. In answer to paragraph 76, Defendant denies the allegations contained therein for the reason that same are untrue.

## Damages and Continuing Effects

77. In answer to paragraph 77, Defendant denies the allegations contained therein for the reason that same are untrue.

78. In answer to paragraph 78, Defendant denies the allegations contained therein for the reason that same are untrue.

79. In answer to paragraph 79, Defendant neither admits nor denies the allegations contained therein for lack of information, and leaves Plaintiff to his strict proofs.

80. In answer to paragraph 80, Defendant denies the allegations contained therein for the reason that same are untrue.

## CAUSES OF ACTION

## COUNT I

13

**(Disability Discrimination Under the Americans With Disabilities Act)**

81.     Defendant incorporates by reference its answers to paragraphs 1-80.

82.     In answer to paragraph 82, Defendant neither admits nor denies the allegations contained therein for lack of information, and leaves Plaintiff to his strict proofs.

83.     In answer to paragraph 83, Defendant states that the cited statute speaks for itself, but denies any implication of wrongdoing or unlawful behavior of Defendant implied therein.

84.     In answer to paragraph 84, Defendant denies the allegations contained therein for the reason that same are untrue.

85.     In answer to paragraph 85, Defendant denies the allegations contained therein for the reason that same are untrue.

86.     In answer to paragraph 86, Defendant denies the allegations contained therein for the reason that same are untrue.

## COUNT II
**(Failure to Accommodate and Engage in Interactive Process Under The Americans with Disabilities Act)**

87.     Defendant incorporates by reference its answers to paragraphs 1-86.

88.     In answer to paragraph 88, Defendant denies the allegations contained therein for the reason that same are untrue.

14

61359682.1

89.     In answer to paragraph 89, Defendant denies the allegations contained therein for the reason that same are untrue.

90.     In answer to paragraph 90, Defendant denies the allegations contained therein for the reason that same are untrue.

91.     In answer to paragraph 91, Defendant denies the allegations contained therein for the reason that same are untrue.

92.     In answer to paragraph 92, Defendant denies the allegations contained therein for the reason that same are untrue.

## COUNT III
### (Retaliation Under the Americans with Disabilities Act)

93.     Defendant incorporates by reference its answers to paragraphs 1-92.

94.     In answer to paragraph 94, Defendant denies the allegations contained therein for the reason that same are untrue.

95.     In answer to paragraph 95, Defendant denies the allegations contained therein for the reason that same are untrue.

96.     In answer to paragraph 96, Defendant denies the allegations contained therein for the reason that same are untrue.

97.     In answer to paragraph 97, Defendant denies the allegations contained therein for the reason that same are untrue.

61359682.1

98. In answer to paragraph 98, Defendant denies the allegations contained therein for the reason that same are untrue.

99. In answer to paragraph 99, Defendant denies the allegations contained therein for the reason that same are untrue.

## COUNT IV
## (Weight Discrimination Under the Elliott-Larsen Civil Rights Act)

100. Defendant incorporates by reference its answers to paragraphs 1-99.

101. In answer to paragraph 101, Defendant denies the allegations contained therein for the reason that same are untrue.

102. In answer to paragraph 102, Defendant denies the allegations contained therein for the reason that same are untrue.

103. In answer to paragraph 103, Defendant denies the allegations contained therein for the reason that same are untrue.

104. In answer to paragraph 104, Defendant denies the allegations contained therein for the reason that same are untrue.

105. In answer to paragraph 105, Defendant denies the allegations contained therein for the reason that same are untrue.

## COUNT V
## (Retaliation Under the Elliott-Larsen Civil Rights Act – Section 37.2701)

106. Defendant incorporates by reference its answers to paragraphs 1-105.

61359682.1

107. In answer to paragraph 107, Defendant denies the allegations contained therein for the reason that same are untrue.

108. In answer to paragraph 108, Defendant admits that Plaintiff engaged in protected activity by filing charges of discrimination with the MDCR alleging disability and weight discrimination but denies any wrongful or unlawful conduct alleged.

109. In answer to paragraph 109, Defendant denies the allegations contained therein for the reason that same are untrue.

110. In answer to paragraph 110, Defendant denies the allegations contained therein for the reason that same are untrue.

111. In answer to paragraph 111, Defendant denies the allegations contained therein for the reason that same are untrue.

WHEREFORE, Defendant, Mass Transportation Authority, prays for a Judgment of No Cause for Action together with costs and attorney's fees so wrongfully sustained in defending this litigation.

17

61359682.1

Respectfully submitted,

PLUNKETT COONEY

BY:   /s/Courtney L. Nichols
      COURTNEY L. NICHOLS  P75160
      Attorney for Defendant
      38505 Woodward Avenue, Suite 100
      Bloomfield Hills, MI  48304
      Tele:  (248) 594-6360
      cnichols@plunkettcooney.com

Dated: October 22, 2025

## AFFIRMATIVE DEFENSES

NOW COMES the above-named Defendant, Mass Transportation Authority, by and through its attorneys, PLUNKETT COONEY, and for its affirmative defenses states as follows:

1.      That Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2.      That Plaintiff's claims are barred, in whole or in part, by the statute of limitations, latches, and other applicable statutes and rules.

3.      That there are no genuine issues as to any material fact and, therefore, Defendant is entitled to summary judgment as a matter of law.

4.      That Plaintiff may not meet the definition of disabled required to sustain a claim under the Americans with Disabilities Act.

61359682.1

5. That Plaintiff did not request and was not denied any reasonable accommodation under the Americans with Disabilities Act.

6. That Defendant did not take any action against Plaintiff related to any alleged disability and/or protected activity under the Americans with Disabilities Act.

7. That Plaintiff was not treated differently than a similarly-situated employee due to his weight in in violation of the Elliott-Larsen Civil Rights Act.

8. That to the extent Plaintiff's weight disqualified him from performing certain job duties and/or performing certain jobs for Defendant due to applicable law, rules and/or regulations, such disqualification prevents Plaintiff from asserting a claim of weight discrimination under the Elliott-Larsen Civil Rights Act.

9. That Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate his alleged damages.

10. That Plaintiff unreasonably failed to exhaust internal grievance procedures or remedies or to take advantage of preventative and/or corrective opportunities provided by Defendant.

11. Defendant acted at all times within the bounds of good faith and for legitimate, non-discriminatory, non-retaliatory business reasons.

61359682.1

12. Any award of damages to Plaintiff must be offset by any and all sums received from any source since his separation from Defendant, including wages, benefits, and/or other compensation.

13. Plaintiff's claims may be barred by the doctrines of waiver, release, accord and satisfaction.

14. Plaintiff was not discriminated against because of an alleged disability or any other protected characteristic under State or Federal law.

15. Plaintiff's claims of discrimination fail as a matter of law because he was not treated differently than a similarly-situated employee outside his protected class.

16. Plaintiff's claims of retaliation fails as a matter of law because he was not terminated and/or discriminated against in retaliation for exercising any protected rights.

17. Plaintiff's claims may be barred in part by the After Acquired Evidence Doctrine.

18. Defendant intends to rely upon such other and further affirmative defenses and counterclaims as may become available or apparent through the course of discovery and hereby reserves its right to amend its Answer to assert such defenses or claims.

20

61359682.1

PLUNKETT COONEY

BY:   /s/Courtney L. Nichols
COURTNEY L. NICHOLS  P75160
Attorney for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI  48304
Tele:  (248) 594-6360
cnichols@plunkettcooney.com

Dated: October 22, 2025

## RELIANCE ON JURY DEMAND

Defendant joins in Plaintiff's demand for a jury trial on all issues so triable.

PLUNKETT COONEY

BY:   /s/Courtney L. Nichols
COURTNEY L. NICHOLS  P75160
Attorney for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI  48304
Tele:  (248) 594-6360
cnichols@plunkettcooney.com

Dated: October 22, 2025

## CERTIFICATE OF SERVICE

I do hereby certify that on, October 22, 2025, I filed the foregoing document and this Certificate of Service with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

/s/ Michelle Sheppard
PLUNKETT COONEY

21

61359682.1